CASE 57—PETITION EQUITY—SEPTEMBER 6.

# Fidelity Trust and Safety Vault Company v. Glover, &c.

90 355
e111 855

### APPEAL FROM CALDWELL CIRCUIT COURT.

TRUSTEES—INVESTMENT OF TRUST FUND.—A trustee may invest the trust fund in such interest-bearing or dividend-paying securities as a prudent business man would select for the purpose of securing his own money and obtaining an income upon it; and when the interest of the beneficiary requires it, the trustee may invest and reinvest the trust fund without the cost and delay of applying to the chancellor for advice.

  A decedent left as a part of his estate a large amount of bank stock. The guardian of his infant children brought this action in equity, asking the chancellor to direct him as to whether it was his duty to sell the stock and reinvest the proceeds, or to hold the stock for the wards. The chancellor, by his judgment, directed the guardian to hold the stock. The proof shows that the stock yields a large dividend, and is a safe investment. *Held*—That the judgment was proper.

F. W. DARBY FOR APPELLANT.

It is the duty of trustees to make such investment of trust funds as would be made by prudent business men, with a view of securing a safe

income for themselves or families, and they may change the invest-
ment from time to time as they may deem the interest of beneficiaries
requires. (Citizens' Nat. Bank v. Jefferson, 11 Ky. Law Rep., 175.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Joseph L. Glover, at the time of his death, was a
resident and citizen of the State of Tennessee, living
in the city of Knoxville. He owned considerable per-
sonalty, and but little real estate. His widow died
shortly after her husband, and left surviving, as the
offspring of their marriage, three children, who are
all defendants to this proceeding. The appellant, the
Fidelity Trust and Safety Vault Company, is now,
and was when this action was instituted, the statu-
tory guardian of the children, all of whom are infants.
The children have been removed to Kentucky by a
guardian previously appointed, who resigned, and are
now living and domiciled in this State in the county
of Caldwell.

At the time of Glover's death he owned stock in
the East Tennessee National Bank, located at Knox-
ville, of the par value of fifteen thousand dollars.
This bank stock is valuable, and has been paying a
dividend of twelve and fourteen per cent. The stock
was taken by the father of the children, who was
cashier of the bank at the time of his death. The
institution is in a prosperous condition, and, as the
proof shows, is well managed. This bank stock pro-
ducing a considerable income to the children, the stat-
utory guardian deemed it advisable to apply to the
chancellor for his authority to permit the investment
to remain.

Under the General Statutes, chapter 48, article 2,

section 19, a guardian may invest, by applying to the chancellor, the money of the ward in interest-paying bonds of the United States, State of Kentucky, or of some county or city in the State, and by an amendment of March 6, 1884, the power of the chancellor was extended in this regard. The Legislature, by an act approved April 29, 1890, authorized persons holding funds in a fiducial capacity, *"for loan or investment,* to invest the same in real estate, mortgage notes or bonds, or in such other interest-bearing or dividend-paying securities as are regarded by prudent business men as safe investments, and to make loans with such securities as collateral."

The fiduciary is prohibited from loaning upon mere personal security, or from investing in bonds or securities of railroads or other corporations unless such railroad or other corporation has been in operation more than ten years, and during that time has not defaulted in the payment of principal or interest on its bonded debt, etc.

This act, although passed subsequent to the filing of this petition, gives to the fiduciary the right to invest *in such securities* as prudent business men would regard as safe and profitable; and under the act now in force the appellant, if he should sell the stock, could at once reinvest the money in the stock of a national bank, or any other safe security, unless that security consisted alone of a mere personal obligation. And there seems to us no reason for restricting a fiduciary from investing his ward's money in that which a prudent man would invest in as a means of security. An investment for purposes of specula-

tion, or in such stocks as pay a dividend one month and none the next, and that are thrown day by day on the market for purposes of speculation, would and ought to make the fiduciary responsible; but when he makes an investment with a view to securing his ward's money and obtaining an income upon it, his diligence and good faith should be measured by the action and conduct of prudent business men investing their own means for like purposes.

Here the father had invested his means in what he regarded as a safe banking institution. His money is secure and the dividends regularly paid, and to require the guardian, even if there were no statute on the subject, to dispose of the stock and reinvest the proceeds, might result in an investment not near as profitable or secure, however prudent and cautious the guardian might be.

This court, in the case of the Citizens' National Bank v. Jefferson, 88 Ky., 561, prior to the passage of the act of April 29, 1890, affirmed the judgment of the chancellor permitting a change and transfer of stock by the fiduciary when he deemed it best for the interest of his beneficiaries. This right is now embodied in the act of 1890, and is, in fact, what the chancellor could have empowered the fiduciary to do in the absence of that enactment. The constant changes that are being made in the course of trade and commerce in that character of property in which investments can or have been made demands that some discretion must be confided to the fiduciary, who is required to loan or invest for the benefit of his wards, so as to enable him to secure that which

would likely be lost before the voice of the chancellor could be heard, and to invest and reinvest when the interest of the beneficiaries required it without the cost and delay in applying to the chancellor for advice. When acting in good faith, and as prudent business men would ordinarily act in investing in securities for the protection and safety of their own means, he has exercised all the care that should be required of him in making the investment.

The judgment authorizing him to hold the stock for his wards is affirmed.