JUDGE LINDSAY
delivered the opinion of the court.
McClure and wife brought suit in the Graves Court of Common Pleas against Higgins to recover an amount alleged to be due from him as, the late statutory guardian of Mrs. McClure. Higgins answered, admitting that he was charged *380 with the amount claimed in his last settlement with the county court, but- claimed a credit of one hundred dollars for money paid to McClure subsequent to said settlement; also that while guardian he had loaned to Ryburn of the money of his ward $254.80, and taken therefor the note of said Ryburn with good and sufficient sureties, payable to himself as guardian; that immediately after the marriage of Mrs. McClure he tendered said note to her husband, who refused to accept it, and he again tendered it with his answer, and insisted that, inasmuch as it was good and collectable, appellees should be compelled to accept it in discharge of their claim against him. A demurrer was sustained to said answer, and Higgins failing to answer further, the court rendered judgment against him for the amount claimed, less the one hundred dollars paid in money; and from said judgment he has appealed to this court.
Section 10, article 2, chapter 43, Revised Statutes, provides that guardians shall be charged with interest from the end of each year on any balance of the ward’s funds which may remain in their hands, and which ought to have been invested or loaned out for the benefit of the ward; and that they shall be charged with interest upon interest in biennial rests. It must therefore follow that it is the duty of the guardian to loan out or otherwise invest such funds in order to make them yield at least legal interest; and when he does this in good faith, and takes good and sufficient security, it can not be regarded as a conversion of the same by him. The money loaned is still the estate of the ward, and the note the evidence of a debt due to the ward and not to the guardian. “At the expiration of his trust” the guardian “shall deliver and pay to those entitled thereto all the estate and money in his hands as guardian, or with which he is chargeable as such.” (Revised Statutes, chap. 43, art. 2, sec. 12.)
The marriage of Mrs. McClure terminated the trust of *381 Higgins. The note of Ryburn was then in his hands, and was part of her estate. He offered to deliver it to her husband, who was entitled to receive it, and who should have accepted it, provided the payors were at the time good and solvent as charged in the answer. The demurrer admitted all this to be true, and should therefore have been overruled. Higgins, however, is not entitled to a judgment against appellees for the excess of the note over the balance due them since the payment of the one hundred dollars in money. This payment, having been voluntarily made after the tender of the note to McClure, operated as an acceptance by him of said note to the amount of said excess, and to that extent he is the joint owner with McClure and wife of the same; and he must look to the payors and not to the appellees for his money.
The judgment of the court of common pleas is reversed, and the cause remanded with instructions to overrule the demurrer, and for further proceedings consistent herewith.