CASE 18—PETITION EQUITY—MARCH 31.

# Citizens' National Bank v. Boswell's Admr's.

### APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

PARTIES TO ACTIONS—JURISDICTION.—To an action for the settlement or the distribution of a decedent's estate, only the persons named in section 428 of the Civil Code are necessary parties. Therefore, debtors of the estate, or persons who are liable to it in any way, are not necessary parties, and the court can not, by service of process upon them in another county, acquire jurisdiction over them.

To this action for the settlement and distribution of the estate of a decedent, a bank in which the decedent had stock was not a necessary party, and the service of process upon the bank in another county did not give the court jurisdiction over it so as to empower the court to compel the transfer of the stock.

W. O. HARRIS FOR APPELLANT.

1. The action was not prosecuted by the real party in interest. (Civil Code, sec. 18.)

.The title of the personal representative continues until he makes distribution, or, in some way, gives his assent to the legatee's taking the chattel. Thenceforth, title is in the devisee and he only can sue for the property. (Williams on Executors, Side, p. 1235, etc.; Boone v. Dykes, 3 Mon., 535; Adie v. Cromwell, 3 Mon., 282.)

The mere assent of the real party in interest will not give jurisdiction. (Worthington v. Greer, 17 B. M., 747.)

2. The court had no jurisdiction over the person of the defendant. The Code defines the parties to such an action, and the definition excludes a case like this. (Civil Code, secs. 71, 428.)

3. Mrs. Graham had no right to the form of certificate demanded for her by the administrator.

J. D. HUNT, FOR APPELLEES.

1. The Fayette court alone has jurisdiction of the suit to settle the estate. (Civil Code, sec. 65.) And that court, having adjudged, as it had the power to do, that Mrs. Graham is the owner of the stock assigned to her in the division of her father's estate, has jurisdiction over appellant (a mere stakeholder and without any interest adverse to the parties) for the purpose of requiring it to issue a certificate as evidence of that ownership, in order that its decree may be carried into effect.

2. The administrator alone had the right to ask the court to effectuate its

order. But if not, the devisee was a party, and, therefore, there was no defect of parties.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as administrator, with the will annexed, of W. D. Boswell, brought suit in the Fayette Circuit Court, for the purpose of having the will of W. D. Boswell construed, and for a settlement of the estate. All the devisees and parties in interest were made parties to the suit. The court, on a final hearing, construed the will, and held that Mrs. Graham, daughter of the testator, took the estate willed to her, for life, remainder to her children living at the time of her death, and that the estate, thus willed, was for her sole and separate use, and that she was entitled to the exclusive control and management of the estate, and that she was entitled to dispose of any part of it absolutely, if she wished. The court also directed that the estate be divided among the devisees; and that the administrator should cause to be transferred to Mrs. Graham, as a part of her share under the will, twenty-three shares of the capital stock that W. D. Boswell owned in the appellant's bank, the certificates of which should be made to her as trustee, with power of sale and transfer. The appellant, upon being called upon to transfer the stock pursuant to the judgment, refused to transfer it with power of sale and transfer; but it was willing to transfer it as trustee. Thereupon, the appellee filed an amended petition, bringing the appellant before the court for the first time, and asking that it be compelled to execute the court's judgment in regard to the transfer of the stock. The appellant, not a citizen of Fayette county, but of Louisville, and being summoned in Jefferson county, appeared in the Fayette Circuit Court, and, among other

things, objected to the jurisdiction of the court; but the court, deeming it had jurisdiction of the appellant, adjudged that it should transfer the stock in accordance with the court's former judgment. If the court had not jurisdiction of the appellant, it is needless to notice the other defenses made by it.

The provisions of the Civil Code upon the subject of jurisdiction are as follows:

SECTION 428. 1. "A representative, legatee, distributee, or creditor of a deceased person, may bring an action in equity for the settlement of his estate."

2. "The representatives of the decedent, and all persons having a lien upon, or interest in, the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

SECTION 65. "An action to settle the estate of a deceased person must be brought in the county in which his personal representative was qualified."

SECTION 66. "An action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale for the payment of his debts, of property descended from or devised by him, must be brought in the county in which his personal representative was qualified."

Sections 428 and 65 relate to actions for the settlement of the estates of deceased persons. Section 428 provides, that the representatives of the deceased person, and all persons having a lien upon his estate, or other interest therein, and his creditors, so far as known, must be made parties to the action as plaintiffs or defendants; and section 65 provides, that such action must be brought in the

county in which the decedent's personal representative qualified. Under section 428, none but the persons therein named are necessary parties, plaintiffs or defendants, to the action. And the appellant was neither a personal representative, nor lien-holder upon, nor interested in, the property left by the decedent, nor a creditor of his estate. Hence, the appellant was not a necessary party to the action. Section 66 relates to an action for the distribution of an estate of a deceased person, or for its partition, etc., which must be brought in the county in which the personal representative qualified. In such action no person, other than the parties named in section 428, is a necessary party. And as the appellant was not interested in the distribution of the estate or its partition, or as creditor, it was not a necessary party to the action for the purpose mentioned in that section.

To allow the representative of such estate to make the debtors of it, or persons who are liable to it in some way, parties to such action, and obtain judgment against them, would be to give the circuit court of the county in which the personal representative qualified jurisdiction of all the debtors of the estate, or other persons supposed to be liable to it, notwithstanding the fact that they might reside in every county in the State, and compel them to attend court in a distant county to look after their rights, and to litigate differences in reference to the same.

It seems that the local jurisdiction given by the sections supra, and the other sections of said article, should be confined to the parties and causes enumerated in said sections. And to allow the local jurisdiction to extend to the appellant would violate sections 78 and 79 of the same article in reference to transitory actions.

The action against the appellant is transitory; and it is not localized to a particular county by reason of the fact that the representative of a decedent's estate qualifies and brings his action in that county to settle the estate. Only the parties named in sections 428, etc., are subject to the local jurisdiction, and the appellant not being one of those persons, sections 78 and 79 regulate the jurisdiction of the court as to it.

The judgment is reversed.