CASE 41—PETITION EQUITY—MARCH 15.

## Stone v. Clay, Etc.

APPEAL FROM MADISON CIRCUIT COURT.

1. TRUSTS—INVESTMENT OF TRUST FUNDS—STATUTORY CONSTRUCTION.—Under the provisions of a will, by which Trustees were directed to invest in good securities and pay over the annual interest to the support of a regular pastor in charge of a church, the chancellor is authorized by sec. 4706 of the Kentucky Statutes, making it lawful for persons, or corporations, holding funds in a fiducial capacity for loan or investment, to invest the same in such real estate as would be regarded by prudent men as a safe investment, upon petition of the trustees of the church representing the members thereof, to direct the investment of a part of the funds in a parsonage-building upon a showing that the change of investment would be prudent, beneficial and profitable.

A. R. BURNAM, FOR APPELLANT.

1. The word "securities" refers to some form of choses in action, bonds, notes or stocks, and can not be held to apply to real estate; the testator required the annual interest to be paid to the regular pastor of the church, and there can be no interest arising from a dwelling house occupied by a pastor; it was manifestly the purpose of the testator to keep this fund intact, and that only the net accumulations thereof should be used for any purpose.

C. F. BURNAM FOR APPELLEES.

1. Any expressions which indicate the purpose of a testator in his creation of a trust will be taken hold of by a chancellor to effectuate his purpose; when Campbell said in his will that he wished "the overplus of his estate to be invested in good securities as a permanent fund to be paid over for the support of the regular pastor in charge of the church," it can not be said that he thereby excluded investments in real estate.

2. Whatever action upon the part of a trustee courts will sanction, may be done by the trustee upon his own authority. Hill on Trustees, second Am. Ed., side page 463 and authorities there cited.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By the seventh clause of the will of Caldwell Campbell $5,000 was devised to B. J. Clay and others in trust to aid in the purchase of a suitable lot of ground in Richmond, Ky., and the erection thereon of a substantial brick church building, to be owned and used by that branch of the Presbyterian Church connected with the General Assembly Presbyterian Church of the United States. That provision of the will appears to have been carried out, and there is a building used and occupied by said church.

The tenth clause of his will is as follows: "The overplus, if any, to be invested in good securities as a permanent fund by my executors, and the annual interest to be paid over to the support of the regular pastor in charge of the General Assembly Presbyterian Church in the town of Richmond, Ky."

It appears that overplus, amounting to about $21,000, is now in the hands of appellant, S. H. Stone, appointed by the circuit court "trustee," but it is not stated in his answer filed in this case in what securities or precisely

how the fund has been invested, though he alleges he has accounted for and paid over to the proper person the annual interest.

B. J. Clay and others, trustees of said church, brought this action against S. H. Stone, trustee of the fund in question, for a judgment, directing the investment of a sum sufficient out of it for the erection of a parsonage building.

With the petition of appellees was filed a written request of thirty or more members of the church for the investment as prayed by the plaintiffs in the action. The trustee, Stone, in his answer, stated the proposed change of investment was not in accord with the devise, and in substance that it would be improvident and unprofitable. But the chancellor adjudged it was not inconsistent with the will to have part of the fund invested in the parsonage property, and directed a sum not to exceed $5,000 to be applied for that purpose.

It is the first duty of a trustee in carrying a trust into execution and thereafter managing it to conform strictly to the directions of the trust. And as the will creating the trust in this case in terms directed the overplus to be invested in good securities as a permanent fund by the executors in whose stead appellant was appointed, it would seem no power exists to invest it in real estate. But in our opinion, the trustee would be authorized by section 4706, Kentucky Statutes, under proper conditions to invest a portion of the fund in the parsonage property. That section makes it lawful for persons or corporations holding funds in a fiduciary capacity, for loan or invest-

ment, to invest, to invest the same in such real estate as would be regarded by prudent men as a safe investment. But that section can not be fairly construed to authorize such change of investment without due regard to remuneration or returns from the property in which the investment is made.

In our opinion as the *cestui que trust* represented by Clay and others, trustees of the church, have asked the change of investment, the chancellor would have been authorized to direct it made, if there had been evidence before him showing that the change of investment was prudent, beneficial and profitable. But upon neither principle nor authority is the chancellor ever authorized to direct a change of the investment of a trust fund contrary to the will and advice of the trustee and without conclusive proof of the practicability or advisability of such change in respect to profit as well as safety of it.

The chancellor heard no proof and could not, therefore, properly render the judgment appealed from which is reversed for further proceedings.