Bank of Kentucky v. Winn, and others.

CASE 17—ACTION BY WINN, TRUSTEE, AND OTHERS, ASKING FOR A JUDG-
MENT AUTHORIZING THE TRUSTEE TO SELL AND TRANSFER CERTAIN
SHARES OF BANK STOCK—FEB. 27.

# Bank of Kentucky v. Winn and Others.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.  AFFIRMED.

TRUSTS—SALE OF STOCKS BY TRUSTEE FOR REINVESTMENT IN REAL ES-
TATE—PARTIES TO ACTION—REFUSAL OF CORPORATION TO MAKE
TRANSFER.

Held:   1. Under Kentucky Statutes, secs. 4706, 4707, empowering
persons holding stocks in a fiduciary capacity to sell them, and
reinvest the proceeds in real estate, and providing that a corpora-
tion in which such stock is held shall not be liable for trans-
ferring the stock on its books upon the order of such fiduciary,
bank stock held by a trustee having been sold by him pursuant to
a judgment authorizing him to make the sale and reinvest the
proceeds in real estate, the bank in which the stock was held
can not refuse to transfer the stock on its books on the ground
that it may become liable to contingent remainder-men, who
were not parties to the action in which the judgment was ren-
dered, as they were neither necessary nor proper parties to the
action.

2. The bank may be required by rule to make the transfer, though
it was not a party to the action in which the judgment was ren-
dered, and in which the rule was issued, and though its place of
business is in a county other than that in which the action is
pending.

ALEX G. BARRETT AND O'HARA & ROUSE, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. Persons entitled to a contingent remainder in bank stock are not
bound by a judgment rendered on the *ex parte* petition of the
person entitled to the equitable life interest and her trustee,
though such judgment authorizes and directs the trustee to sell
the stock; the will under which all claim, having given the
trustee no power to sell.  Johnson v. Jacob, 11 Bush., 646; Ed-
wards v. Woolfolk, 17 B. Mon., 376; McArthur v. Scott, 113 U.
S., 340; Calvert on Parties, p. 12.

Bank of Kentucky v. Winn, and others.

2. If a corporation refuses to transfer stock at the request of one claiming the right to transfer it, such person can compel recognition of his right only by action to which the corporation is a party defendant, unless specially authorized by statute to proceed summarily. There is no statute authorizing a trustee of stock to compel transfer of stock by summary or *ex parte* proceeding. Tull v. Geohegan, 3 J. J. M., 377; Gay v. Morgan, 4 Bush., 606; Stephens v. Miller, 80 Ky., 47; Citizens Nat. Bank v. Boswell's Admr., 93 Ky., 92.

J. T. WINN, ATTORNEY FOR APPELLEE.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The trustee in this case holding bank stock as an investment had power under the statute to sell and transfer such stock and reinvest the proceeds in land. Ky. Stats., secs. 4706, 4707, 4708; Citizens Nat. Bank v. Jefferson, 88 Ky., 651; Fidelity Trust Co. v. Glover, 90 Ky., 355; Durrett v. Commonwealth, 90 Ky., 313.
2. The trustee having applied to the Chancellor, in an action in which the equitable life tenant joined as plaintiff, neither the bank in which the stocks were held nor the contingent remaindermen, who can not be now ascertained were necessary perties to the action for sale of such stock. Ky. Code, secs. 21 and 25; Story's Eq. Plead. & Prac., (4 ed.), 254 n. 1; Krieger v. Bissell, 80 Ky., 330; Boswell's Ex. v. Citizens Nat. Bank, 12 Ky. Law Rep., 568; 27 Am. & Eng. Ency. Law, 291; Schley v. Brown, 70 Ga., 464; Kerrison v. Stewart, 93 U. S., 155; Winslow v. Mich. R. R., 27 Am. Dec., 519; Trench *in re.*, 15 Law Rep., Eq., 68 V. C. W.
3. Construction of Trusts: Will, part 3d, Rec. P., 9-13; Hill on Trustees, 243; Lewin on Trusts, 352; Edwards v. Woolfolk's Admr., 17 B. M., 381; Jarman on Wills, p. 1155.
4. A court of competent jurisdiction having ordered a sale and transfer of bank stock, the proper proceeding against the bank to compel a transfer on its books is by rule to show cause. 14 Enc. Pl. & Pr., p. 76; Price v. Shelby Cir. Ct., Hardin, 261; 3d Amer. Eng. Ency. Law, 787, note 1; Ewing v. Riddle, 8 Bush., 568; Bush v. Chenault, Rec. 12, Ky. Law Rep., 292.

SUPPLEMENTAL BRIEF BY J. T. WINN FOR APPELLEE.

The doctrine, that the refusal of a corporation without just cause, to transfer stock upon its books at the request of the holder, may in all cases be treated as a conversion of the shares, so that an action for trover will lie, is a rule well established and recognized by the highest authorities.

2. Thompson on Corp., secs. 2445, 2447; 2 Waterman on Corp., sec.
   220, n. 1; Lowell on Transfer of Stocks, sec. 11; Sargent v.
   Franklin Ins. Co., 8 Pickle, (Mass.) S. C., 19 Am. Dec., 306;
   Ayers v. French, 41 Conn., 142, 151; McAllister v. Kuhn, 96 U.
   S., 87, 89 (opinion by Chief Justice Waite); Daggett v. Davis,
   53 Mich., 35 (S. C., 51 Am. Rep., 51); (opinion by Judge Cooley);
   Bank of America v. O'Neill, 10 Bush., 54; (opinion by Judge
   Lindsay); Bailey v. Strohecker, 95 Am. Dec., 388; Cushman v.
   Thayer Mfg. Co., 76 N. Y., 365.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Charles Eginton died a resident of Kenton county, and
his last will and testament was duly probated and ad-
mitted to record by the courty court thereof on the 30th
day of October, 1890. He devised to his granddaughter,
Sarah L. Eginton, certain real estate and bank stock
owned by him at his death, and appointed Joshua N. Winn,
her maternal grandfather, trustee thereof, giving him
power to collect interest, rents, dividends and profits,
and to have the care, custody and management thereof
for the exclusive benefit and use of his granddaughter
during her minority, and longer should she desire. The
will further provides that the granddaughter, under cer-
tain restrictions, may dispose of this property by will,
but that, in event she fails to do so during her life, and
dies leaving a child or children, it should belong to them,
but that if, at the time of her death, she left no child or
children, and has made no disposition thereof by will,
then all that remains of the principal and accumulations
of the aforesaid estate should be distributed to other
designated persons. After the death of her grandfather,
Miss Eginton married H. C. Whitehead; and in February,
1899, J. N. Winn, the trustee named in the will, Mrs.
Whitehead, the beneficiary, and her husband, H. C. White-
head, filed an *ex parte* petition in the Kenton Circuit

Court, in which they ask for a judgment of the court
authorizing the trustee to sell and transfer certain shares
of bank stock which was devised to him as trustee, and
held by him in trust for Mrs. Whitehead under the pro-
visions of the will of her grandfather, Eginton, and to
invest the proceeds thereof, with certain other funds in
the hands of the trustee, in a tract of 509¾ acres of land
located in Bourbon county, at the price of $47.75 per
acre, it being alleged that the tract of land which they
desired to buy adjoined another tract owned by her, which
contained about 700 acres of land; that the investment
would be a safe and judicious one, and for the best in-
terest of the *cestui que trust*. It having been made to ap-
pear to the chancellor that the change in the investment
should be made, the court entered a judgment directing a
sale of the 70 shares of bank stock held by appellee in
the Bank of Kentucky, which is located in Louisville, and
an investment of the proceeds thereof in the Bourbon
county land. Appellee, under the judgment, sold the bank
stock, but appellant, the Bank of Kentucky, refused to
transfer it upon the books of the bank to the purchaser.
Thereupon appellee filed his affidavit setting forth this
fact, and a rule was awarded him against appellant to
show cause why it had refused to transfer on the books
of the bank the 70 shares of stock standing in the name
of J. N. Winn as trustee. Thereupon appellant entered
its appearance, and objected to the jurisdiction of the
court, and by way of response said that the petitioner,
Winn, held the stock as trustee for Mrs. Winn only during
her life, and denied that he had the right to sell or dis-
pose of it; and that the judgment of the chancellor au-
thorizing the sale was not binding upon the contingent
beneficiaries, and would not protect the bank against

claims that they might thereafter assert against them. Appellant's response was held insufficient, and an order was entered directing it to make the transfer of the 70 shares of stock upon the order of J. N. Winn, trustee, and from this order of the court this appeal is prosecuted.

We think appellant's apprehension or fear that it might become liable to the persons named as contingent remainder-men by the will is groundless. Section 4706, Kentucky Statutes, provides: "That it shall be lawful for persons or corporations holding funds in a fiduciary capacity for loan or investment, to invest the same in real estate. . . ." Section 4707 provides: "That all persons holding stocks, bonds or other securities, in a fiduciary capacity for loan or investment, shall have power to sell and transfer same whenever in the judgment of such fiduciary such a sale will benefit the trust estate, and reinvest the proceeds as authorized in section four thousand seven hundred and six of this chapter. . . . A purchaser in good faith from such a fiduciary shall not be bound to look to the application of the proceeds of the sale, nor shall a corporation in which such stock held by a fiduciary is sold as herein authorized be liable for transferring such stock upon its books upon the order of such fiduciary." The provisions of the statute were enacted for the express purpose of facilitating the transfer of trust funds held in a fiduciary capacity from one investment to another, and to exempt corporations from all liability for transferring shares of its stock so held upon the books of the company, when required to do so by the fiduciary or other proper authority. The only limitation upon this power of transfer and change in the investment is provided by section 4708 of the statute, which says that

"these provisions shall not be construed to permit a sale, investment or loan in conflict with the provisions of the will, deed or other instrument creating the trust, under which the funds or property may be held." There is no provision of the will of Charles Eginton which either expressly, or by necessary implication forbids a change in the investment of the property devised to his granddaughter. On the contrary, the testator reposed great confidence in the judgment of the trustee, and in his solicitude for the best interest of the *cestui que trust*, who was also his granddaughter, and conferred upon him as trustee unusual powers over the trust property. Besides, the provisions of the statutes under which this transfer was directed did not materially change the law as it had always existed. In the well-considered opinion delivered by Judge Pryor in the case of Bank v. Jefferson, 88 Ky., 651, (11 S. W., 767), it was held that trustees charged with the management of trusteed funds for the support and maintenance of the beneficiaries not only had the right, but it was their duty, to make such investments of the funds as would be made by prudent business men with a view to secure to themselves and families a safe income, and that they might change the investments from time to time as they deemed the best interest of the beneficiaries required. In this case no question of the wisdom of the proposed investment is even suggested, and we entertain no doubt of the power of the chancellor to have authorized the change of the investment.

The second complaint is that the bank was not before the court until after the judgment was entered, and that upon this account the judgment is void, and not binding upon it. It is also contended that under the ruling of

this court in the case of Bank v. Boswell's Adm'r, 93 Ky., 92, (19 S. W., 174), the Kenton Circuit Court had no jurisdiction to compel appellant, whose place of business was located in Louisville, to enter its appearance to a rule issued from the Kenton Circuit Court. All that was decided in the Jefferson case, *supra*, was that under section 428, Civ. Code Prac., a Louisville bank in which the decedent held stock was not necessarily a party to an action in equity for the settlement of his estate, not being either a representative, legatee, distributee or creditor; and could not be brought before the court in such a proceeding by the service of process in another county for the purpose of litigating differences with reference to the settlement of the estate. No relief was sought in this action against appellant, and it had no beneficial interest in the stock directed to be transferred. All that has been required of it is that it shall not obstruct the trustee in the performance of his duty to the *cestui que trust*. In our opinion, neither appellant nor the persons suggested as having a possible interest in remainder were proper parties to this proceeding. The judgment of the court fully protects the interests of all parties who have or may have any possible interest in the property required to be transferred. Judgment affirmed.