CASE 39.—ACTION BY GEO. T. ROBERTSON AND OTHERS
AGAINST MARY ANN ROBERTSON'S TRUSTEE
AND OTHERS PERTAINING TO INVESTMENT OF
TRUST FUNDS IN BANK STOCK.—November 11.

# Robertson, &c., v. Robertson's Trustee, &c.

Appeal from Shelby Circuit Court.

W. H. HOLT, Special Judge.

Judgment for defendants. Plaintiffs appeal.—Reversed.

1. Trusts—Management of Trust Estate—Investment—Losses—
Liability.—In the absence of a statute, a trustee investing
trust funds in bank stock is liable for the loss sustained by
the depreciation of the stock, notwithstanding his good faith
in making the investment.
2. Trusts—Management of Trust Estate—Investment—Losses—
Liability.—Under Ky. Stats., 1903, section 4706, authorizing
trustees to invest trust funds in dividend-paying securities of
any railroad or other corporation which has been in opera-
tion for more than 10 years, etc., a trustee can not invest
funds in bank stock unless the bank has been in operation
for more than 10 years.

P. J. BEARD for appellants.

1. Fiduciaries are restricted by section 4708 from investing
trust funds in corporate securities, unless corporation has been
in operation more than ten years.
2. The words of the section should be given their natural and
ordinary import, thereby carrying out the intention of the law-
makers.
3. Before the passage of the act, investments in corporate securi-
ties were forbidden by the law of this State, except under peculiar
circumstances, as pointed out in the case of Durrett v. Common-
wealth.
4. Investments in the securities of a railroad, bank, or other

private corporation were likewise forbidden.

5. The act of April 26th, 1890, and the present act embracing it, were intended to enlarge the class of investments, with a restriction that the corporation whose securities are invested in, must have been in operation more than ten years, and if it has a bonded debt, it must not within that time have made default in the payment of the principal or interest thereon.

6. The word "railroad" in the provision, was used merely as an example or illustration of the restrictions pointed out and its use adds nothing to, nor would its omission, take anything from the provision.

7. The word "railroad" exhausted an entire genus. The specific difference or chief characteristic of a railroad is the power to condemn land for rights-of-way, for its use in the transportation of persons and freight for hire. Certainly the Legislature did not intend, only to restrict investments in the securities of "other corporations" like or similar to railroads. Any reason for such a restriction or classification is entirely wanting.

8. The act was intended as a guide or rule for fiduciaries covering the whole field of possible investments; on personal security; private corporate enterprises; public securities; on real estate; mortgage notes and bonds on realty; covering the power of sale of securities; and regulating the removal of securities from the State, and investments beyond the State.

9. The act on its face, when its words are given their natural and ordinary import furnishes an easy guide for fiduciaries, and protects and safeguards the cestui que trust; when given a strained construction, the estate is always left in jeopardy.

## AUTHORITIES CITED.

Ky. Stats., section 4706; Pomeroy's Equity Jurisprudence (2nd Ed.), vol. 2, section 1074, and notes; King v. Tolbert, 40 N. Y. 76; Clark and Wife v. Anderson, 13 Bush 119; Smith, &c., v. Smith, &c., 7 J. J. Mar. 238; Durrett's Gdn. v. Comr ----lth, 90 Ky. 319; General Statutes, p. 508 (Ed. 1873), p. 707-8 (Ed. 1888); Acts 1889-90, vol. 1, p. 115; Am. & Eng. Ency. of aw (2nd Ed.), title "Statutes."

BEARD & MARSHALL for appellee.

## POINTS AND AUTHORITIES.

At no time in the history of Kentucky have we had any legislative undertaking to prohibit the investment of fiduciary funds

in the stock of a bank where there were present the always neces-
sary and vital elements on the part of the fiduciary—good judg-
ment and good faith—and no decision of this court can be found
prohibiting the investment of such funds in stock of a bank
where these two elements were present. This rule of ejusdem
generis was applied by this court in the case of Bowling's Admrs.
v. Shepherd, 91 Ky. 273, where it was held in construing the
statute exempting property in behalf of the widow of a decedent
the words "other property or money" were used, they did not
apply to the realty but only to the personalty. The crucial test
is good faith and good judgment, and the statutory test of good
judgment is that the investment shall be in "such other interest-
bearing or dividend paying securities as are regarded by prudent
business men as safe investments."

### AUTHORITIES CITED.

Ky. Stats., section 4706; Durrett's Gdn. v. Commonwealth, 90
Ky. Law Rep. 314; Rapalge & Lawrence, Law Dictionary, vol 1,
p. 435; Endlich on Interpretation of Statutes, section 405, p. 567;
Ky. Stats., section 4077; Aetna Life Insurance Co. v. Coulter,
Auditor, &c., 91 Ky. 273; Adams v. Shepherd, 91 Ky. 273.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

The learned trial judge in his opinion in this case
makes the following statement of facts, upon which
the legal issues turn, which we adopt as our own:
"The defendant, S. S. Weakley, as trustee of Mary
Ann Robertson, in 1901 invested $1,300 of trust funds
in his hands in 26 shares of the stock of the Bank of
Waddy, which began business in January, 1900. In
his settlement in the county court he was credited by
this investment. The cestui que trust having died,
this action in equity is brought by parties interested
in the estate to surcharge his settlement, and make
him liable for the bank stock investment, it having
become worthless. Upon this record there can be no
doubt that the trustee made the investment in perfect

good faith, and that it was such as a prudent business man would make in his own affairs, and to secure a certain support for himself and family. The evidence shows conclusively that when the trustee invested the money, the stock was generally regarded as worth as much or more than he gave for it. The directors were regarded as good business men, and men of means and fine business standing were interested in the bank as officers and stockholders. It was then a good dividend-paying stock, and continued to be until July, 1905. The trustee owned stock in the bank, individually; in fact, purchased some for himself after the trust investment was made, and not long before the bank made an assignment. Other trustees besides the defendant invested trust funds in the stock of the bank, which was finally wrecked by the cunning dishonesty of its cashier." The question arising for adjudication upon the foregoing statement of fact is whether or not the appellee was liable for the loss of the trust fund in his hands, caused by the investment in the stock of the wrecked Bank of Waddy.

It is clear that the trustee, under the rule prevailing in this State prior to the enactment of the statute which we shall hereafter discuss, would be liable for the loss sustained. In the case of Smith v. Smith, 7 J. J. Marsh, 238, the guardian was held liable for the depreciation of 16 shares of stock in the Bank of Kentucky, which he had purchased with his ward's money; and in Clark et ux v. Anderson, 13 Bush 111, it was held that the investment by the trustee of the funds of his cestui que trust in second mortgage bonds of the Louisville, Cincinnati & Lexington R. R. Company was unauthorized, and the loss cast upon the trustee. In that case, Chief Justice Lindsay, speaking for the court, said: "In this State trust funds may be

loaned on personal security when it is ample and sufficient (Higgins v. McClure, 7 Bush 381; Clay v. Clay, 3 Metc. 548), and may be invested in certain public securities (Myer's Supp. 264; Gen. Stats. 508), with the sanction of a court of equity; but no judicial precedent or statutory regulation will justify their investment in the stock or bonds of private corporations, and bonds secured by a second mortgage on the road-bed and other property of a railway company are peculiarly objectionable." The opinion in Durrett's Guardian v. Commonwealth, 90 Ky. 312, 14 S. W. 189, 12 Ky. Law Rep. 207, does not justify the investment by the guardian of his ward's money in the stock of a bank as an original proposition. It is there held that, inasmuch as the funds were originally invested by the ancestor in bank stock, and in this shape came to the guardian's hands, he was justified in selling the bank stock which had begun to depreciate, and in investing the proceeds in other bank stock which appeared a safer investment. In speaking of the duty of a trustee, in the opinion under consideration, it is said: "Mere good faith, while requisite and commendable, is not all that is required of such a fiduciary. He must be competent also. While it is his duty to make the ward's estate as productive as a prudent use will admit, yet he must do so in conformity to law. He must possess such legal knowledge as is needful to the proper execution of the trust." Again: "It is the duty of the guardian to make the estate productive, and he may therefore, in a prudent manner, loan out the money of the ward, taking solvent personal security. In such a case he will not be held liable if a loss results without neglect upon his part in preventing it." The case turned upon the right of the guardian to change the security, and there is noth-

ing said by the court which would authorize the
assumption that the trustee, as an original proposi-
tion, had the right, as the law then stood, to invest
the trust fund in the stock of a private banking cor-
poration. From the foregoing authority it is clear
that, unless the trustee is authorized by the statute
now in force in this State bearing upon the question
in hand, he can not escape liability in the instance
before us. The statute relied upon to justify the
investment is contained in section 4706 of the Ken-
tucky Statutes of 1903, which is as follows: "That it
shall be lawful for persons or corporations holding
funds in a fiduciary capacity for loan or investment,
to invest the same in real estate, mortgage notes or
bonds, or in such other interest-bearing or dividend-
paying securities as are regarded by prudent business
men as safe investments, and to make loans with such
securities as collateral; but such funds shall not be
invested in the bonds or securities of any railroad, or
other corporation, unless such railroad, or other cor-
poration( has been in operation more than ten years,
and, during that time, has not defaulted in the pay-
ment of principal or interest on its bonded debt, or
be invested in the bonds of a county, district, town or
city that, within ten years, has defaulted in the pay-
ment of the interest or principal of its bonded debt;
and a fiduciary shall account for all interest or profit
received."

It is confidently urged that the foregoing statute
authorizes the investment by the trustee of the trust
fund in the stock of the Bank of Waddy; it being said
that this is permitted, in the following general lan-
guage succeeding the specific enumeration of the prop-
erty authorized by name, to-wit: "* * * Or in such
other interest-bearing or dividend-paying securities

as are regarded by prudent business men as safe investment, and to make loans with such securities as collateral.'' It is contended that bank stock is a dividend-paying security, and is included in the general language following the specific enumeration. But the appellant insists that, even admitting this part of appellee's contention to be sound, the investment in question is included in the prohibition of the investment of trust funds in the bonds or securities of any railroad, or other corporation, unless such railroad, or other corporation, has been in operation more than 10 years, and during that time has not defaulted in the payment of principal or interest on its bonded debt. We are inclined to believe that the contention of the appellant is sound, and that, in order that a trustee may be justified in the investment of trust funds in bank stock, the corporation must have been in operation more than 10 years. We can not give our assent to the proposition that the investment of trust funds in bank stock is permitted under the general words ''or dividend-paying securities,'' and yet not included in the inhibition of investing in the securities of other corporations, unless such corporations have been in operation more than 10 years. The object of the statute is to render the investment of trust funds as secure as possible on the one hand, and at the same time to widen the field of investment as far as is reasonably consistent with safety. One of the best securities for the integrity of the fund is the fact that the corporation has stood the test of time. This time test is fixed by the Legislature at 10 years, and this was considered necessary to prove the safety and solvency of the corporation in question. There is every reason for fearing for the safety of funds invested in a newly embarked banking venture; but,

after time has demonstrated the capacity of the officials to manage the corporation, their honesty and integrity, and also that the business can be made profitable at a given place for a long period of time, then it is that the law considers that trust funds may, with reasonable safety, be invested therein.

We are not willing, on the one hand, to widen by interpretation the field for the investment of trust funds, without also by interpretation holding fast to the safeguards which the Legislature has thrown around such investments. We see no more reason for permitting the investment in bank stock under the general language in the first part of the statute than there is for including it also in the inhibition of the general language following the specific enumeration in the latter part. The doctrine of ejusdem generis applies equally to the two instances. It seems to us that, assuming for the purposes of this case that bank stock is legitimate property for the investment of trust funds under the permissive part of the statute, it is also included in the inhibitory part, and that, before a trustee is permitted to invest the funds of his cestui que trust in stock of private business corporations, these must have fulfilled the requirements of the statute as to the time of their existence. This, it is admitted, the Bank of Waddy had not done; and therefore it follows that the investment was not justified.

For these reasons the judgment of the trial court is reversed, for further proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.