## Harris, Guardian v. Preston, et al.

(Decided May 20, 1913.)

### Appeal from Johnson Circuit Court.

1. Guardian and Ward—Investment—Purchase or Improvement of Real Estate—Power of Guardian to Invest in Excess of Funds in Hand.—A guardian is not authorized to purchase real estate for his ward, or to improve real estate belonging to his ward, where the purchase price or the cost of the improvements is in excess of the funds in his hands.

2. Guardian and Ward—Refusal to Approve Real Estate Investment—Practice.—Where the court refuses to approve an investment in real estate made by a guardian for the benefit of his ward, and charges the guardian with the amount of money so invested, he should direct and require the master commissioner, for and on behalf of the guardian and the infants, to convey the property to the guardian individually.

C. B. WHEELER for appellant.

CLARENCE W. HOWES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY—COMMISSSONER—Reversing.

In December, 1908, E. J. Harris was appointed and qualified as the statutory guardian of Sylvia Preston, Mildred Preston and Fern Preston, infants under 14 years of age. After his appointment he received as their guardian the sum of $2,042.48. Of this amount he paid out the sum of $254.51, leaving a balance in his hands of $1,787.97. Some time prior to the settlement in the county court, he purchased a lot in the town of Paintsville, the title to which was conveyed to him as guardian for the infants. The price paid for the lot was $650. Of this sum $150 was paid in cash. For the balance due, he,

as guardian, executed three notes, each for the sum of $166.66. Of these notes the first has been paid, leaving a balance due on the lot of $333.33, with interest from the date of purchase. After the guardian purchased the lot, he erected a residence thereon, costing about $2,200, making the total cost of the lot and residence about $2,500 or several hundred dollars in excess of the amount of money which he had in his hands as guardian.

Harris brought this action for a settlement of his accounts as guardian. The county court approved the expenditures made by him but refused to approve the real estate investment, on the ground that he had no authority to do so. Judgment was accordingly entered allowing the guardian credit for the sum of $254.51, and charging him with the balance in his hands of $1,787.97. Harris prosecuted an appeal to the circuit court. The circuit court approved and confirmed the settlement adopted by the county court. From that judgment Harris appeals, and the infants, through their guardian *ad litem*, have prosecuted a cross appeal.

Section 4706, Kentucky Statutes, provides in part as follows:

"That it shall be lawful for persons or corporations holding funds in a fiduciary capacity for loan or investment, to invest the same in real estate, mortgage notes or bonds, or in such other interest-bearing or dividend-paying securities as are regarded by prudent business men as safe investments, and to make loans with such securities as collateral."

Appellant insists that under the above statute he had the right to invest his wards' funds in real estate, and that both the county and circuit court erred in adjudging that they had no power to approve such investment. He also insists that the effect of the judgment is to charge him with the balance of $1,787.97, and at the same time to leave the title to the property in question in him as guardian of his wards. Without passing on the question as to when or under what circumstances a guardian may invest his ward's property in real estate, we conclude that under no circumstances has a guardian authority to purchase real estate for his wards or to improve real estate belonging to his wards, where the purchase price or the cost of the improvements is in excess of the funds in his hands, and thus creates a debt which may jeopardize the wards' estate. In the present case, there are outstanding lien notes on the property purchased, which are a valid lien on the property, and the guardian himself has no

property in his hands with which to meet them. If the holder attempts to enforce his lien, there is great risk that the property of the infants will be sacrificed. We, therefore, conclude that both the county and circuit court properly declined to approve the investment, and to give the guardian credit for the amount so invested. However, it was not proper to refuse to approve the investment, and charge the guardian with the sum so invested, and at the same time leave the title to the real estate in the infants. For this reason the judgment is erroneous. Upon a return of the case, the circuit court will enter an order adjudging that the real estate in question is the property of Harris individually, and will direct and require its master commissioner, for and on behalf of him as guardian for the infants, and for and on behalf of the infants, to convey the property to him individually.

We see no reason to disturb the judgment on the cross appeal.

Judgment reversed and cause remanded with directions to enter judgment in conformity to this opinion.