## Gee, et al. v. Womack, et al.

(Decided June 13, 1924.)

### Appeal from Boyd Circuit Court.

1. Guardian and Ward—Duty to Invest Trust Funds with View to Security.—Under Ky. Stats., section 4706, it is duty of a guardian to make in good faith such an investment as would be made by prudent business men, with view to securing a safe income for themselves and their families.

2. Guardian and Ward—Guardian should Not Invest Funds in Nonproductive Land.—Under Ky. Stats., section 4706, guardian should not invest funds in nonproductive real estate.

3. Guardian and Ward—Court of Equity Held to have Power to Convey Infant's Land to Guardian Improperly Investing Money Therein.—Court of equity, having held that funds of infant were never properly invested in land by his guardian, had authority to direct master commissioner to convey such land to guardian or his surety in a judgment in favor of infant for funds improperly invested.

H. L. MEANS for appellants.

WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, Marion Gee, was appointed and qualified as guardian of Mrs. Anna Womack (then Howell) and her infant son, Curtis Howell, and as such collected $1,300.00 due them. He invested nearly all of these funds in two nonadjacent pieces of real estate in Catlettsburg, one a vacant lot, and the other a lot with a small residence upon it, taking deed for the former to Curtis Howell, and for the latter to Mrs. Womack for the use and benefit of Curtis Howell. Gee resigned as guardian without settling his accounts, and Mrs. Womack having become of age was appointed and qualified as guardian for her son. She then instituted this action in her own right and as guardian against Gee and the United States Fidelity & Guaranty Co., surety upon his bond, for an accounting and judgment for the amount found to be due them.

The defendants sought credit upon the settlement for the sums invested in the above real estate, which was denied them, and whether or not the court erred in so doing is the first question for decision upon this appeal.

Section 4706, Kentucky Statutes, reads, in part:

"That it shall be lawful for persons or corporations holding funds in a fiduciary capacity for loan or investment, to invest the same in real estate, mortgage notes or bonds or in such other interest bearing or dividend paying securities as are regarded by prudent business men as safe investments, and to make loans with such securities as collateral."

In construing this section, we have held that it is the duty of a trustee, no matter in what he invests the trust funds, to make in good faith such an investment as would be made by prudent business men with a view to securing a safe income for themselves and their families. Citizens Bank v. Jefferson, 88 Ky. 651, 11 K. L. R. 174, 11 S. W. 767; Fidelity Trust Co. v. Glover, 90 Ky. 355, 12 K. L. R. 329, 14 S. W. 343; Durrett v. Com., 90 Ky. 312, 12 K. L. R. 207, 14 S. W. 189; Stone v. Clay, 19 K. L. R. 2029, 45 S. W. 80, 103 Ky. 314; Bank of Ky. v. Winn, 110 Ky. 140, 22 K. L. R. 1629, 61 S. W. 32; Aydelott v. Breeding, 111 Ky. 847, 23 K. L. R. 1146, 64 S. W. 916; Germania V. & T. Co. v. Driskill, 23 K. L. R. 2050, 66 S. W. 610; Harris v. Preston, 153 Ky. 810, 156 S. W. 902; Robertson v. Robertson, 130 Ky. 293, 113 S. W. 138.

But we also have held that as a rule such funds should not be invested in land (Hackett's Exor. v. Hackett's Devisees, 180 Ky. 406, 202 S. W. 864), and in Harris v. Preston, *supra*, we approved the chancellor's refusal to credit a guardian for funds invested in real estate, because there was not sufficient trust funds with which to pay for the land in full, and in the still more recent case of National Surety Co. v. Taylor's Guardian, 200 Ky. 728, 255 S. W. 542, we sustained the chancellor's refusal to approve an investment of trust funds in real estate, where, upon the proof, same did not seem to be a reasonably safe and prudent investment, made in good faith by the guardian.

It is therefore quite clear that the guardian here was without authority to invest funds for his wards in the nonproductive vacant lot, and while it is not entirely clear from the evidence that the purchase of the house and lot was not a reasonably safe and prudent investment made in good faith by the guardian, such an inference is reasonably deducible therefrom, and we do not feel authorized to disturb the finding of the chancellor upon

this question of fact, as he was on the ground and possibly knew the witnesses and the property as well.

The judgment therefore, in so far as it denied credit to the guardian for the funds invested in both pieces of real estate will not be disturbed.

The next contention for appellants is, that the court erred in ordering the master commissioner to convey these pieces of real estate to whichever of the defendants, Gee or his surety, that satisfied the judgment in favor of the plaintiffs for the amount found to be due them by Gee upon a settlement of his accounts.

In support of this contention reliance is had upon the numerous cases of this court holding that courts of equity have no inherent power to sell or divest infants of their title to real estate, and that as there is no statutory authority for so much of the judgment as directs the master commissioner to convey the land standing in the name of the infant, Curtis Howell, the same is void.

The court, however, held that the funds of the infant were never properly invested in this land, and that as a matter of fact he never had title thereto. It follows therefore that the court, by the judgment, did not divest the infant of title to real estate owned by him, but simply annulled the deeds erroneously executed to him for land which he did not own, and directed the master to convey same to the party equitably entitled thereto, as was right, and as the court in such circumstances clearly had the power to do. Harris v. Preston, *supra;* U. S. Fidelity & Guaranty Co. v. Citizens' State Bank, L. R. A. 1918E 326; 36 N. D. 16, 116 N. W. 562; Same v. U. S. National Bank, L. R. A. 1916E 610; 157 Pac. 155.

Judgment affirmed.